UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

In re:
**Eastlake Investments, LLC**
        Debtor.
_____/

Case No. 19-42309
Chapter 7
Hon. Thomas J. Tucker

## DEBTOR'S APPLICATION TO EMPLOY LONG LAKE REALTY GROUP, LLC, AS REAL ESTATE BROKER FOR THE DEBTOR *NUNC PRO TUNC*

NOW COMES, Eastlake Investments LLC, (the "Debtor"), who respectfully applies to the Court for authorization to employ Long Lake Realty Group, LLC, as the Debtor's real estate broker in this Chapter 11 case *nunc pro tunc* to the petition date.

## BACKGROUND

1. On May 8, 2019, this Court entered its ORDER CONVERTING THIS CASE TO CHAPTER 7, AND ORDERING CERTAIN OTHER RELIEF (Docket No. 82) which provided, in pertinent part:

> 8. This Order is without prejudice to the right of the Debtor, Long Lake, and/or the Chapter 7 Trustee to file an application to approve the employment of Long Lake and to file an application for approval to pay Long Lake a commission relating to the sale of the bankruptcy estate's property that is referred to in paragraph 6 above. (Note: the filing of the employment application that was attached as an exhibit to the Debtor's response to the Motion, filed May 7, 2019 (Docket # 77-3, 77-4, 77-5, is not deemed to be the filing of an employment application.) Any such application must be filed as a separate document, and such filing must comply with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules and Administrative Procedures for Electronic Case Filing.

2. On February 19, 2019 (the "Petition Date"), Eastlake Investments LLC, filed a voluntary Petition in this Court under Chapter 11 of the United States Bankruptcy Code.

3. This Court has jurisdiction over this Chapter 11 case under 28

U.S.C. §§ 157 and 1334 and the Standing Order of Reference from the United States District Court for the Eastern District of Michigan. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief this Motion seeks include Bankruptcy Code §§ 105(a) and 327.

5. Although the matter has now been converted to a case under Chapter 7 of the U.S. Bankruptcy Code, this honorable Court converted the matter without prejudice as to the Debtor's right to seek employment of Long Lake Realty Group, LLC.

### LONG LAKE REALTY'S QUALIFICATIONS

6. Long Lake Realty Group, LLC ("Long Lake") was well-suited to serve as the Debtor's general real estate broker in this case. Long Lake is in good standing with the Department of Regulatory and Licensing affairs. Long Lake has been a broker for real estate services since 2016 and has represented many individuals and companies in real estate matters.

7. Long Lake entered into an Agency Agreement with the Debtor prior to this Bankruptcy filing (**Exhibit A**), which Agreement sets forth the terms and conditions agreed upon by the Debtor.

8. Dean J. Groulx is the agent who worked with the Debtor on behalf of Long Lake. The Disclosure Affidavit of Mr. Groulx on behalf of Long Lake is attached as **Exhibit B**.

### SERVICES RENDERED

9. Long Lake provided services to the Debtor prior to the bankruptcy, including locating a purchaser for the Debtor's only asset. The sale was consummated post-petition for the sale amount of $5,700,000.00. The first, second and third mortgages were paid in full at closing in the total amount of $2,892,610.09, leaving gross sale proceeds in the amount of $2,807,389.91.

## DISINTERESTEDNESS

10. To the best of the Debtor's knowledge, information, and belief, based on and other than as set forth in the Groulx Statement:

   a. Long Lake does not hold or represent an interest adverse to the Debtor's estate and is a disinterested person, as that term is defined under 11 U.S.C. § 101(14), with respect to the matters for which Long Lake is to be employed;

   b. No Long Lake partner, counsel, or associate has any connection with the Debtor, its creditors, its estate, any United States District Judge or United States Bankruptcy Judge for the District of Michigan, the United States Trustee for Region 9 or any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants other than the fact that Dean Groulx through his law firm provided legal services to the Debtor pre-petition;

   c. The disclosure made by Long Lake in the Groulx Statement (regarding connections with Debtor, its creditors, any other parties in interest in this case, their respective attorneys and accountants, any United States District Judge or United States Bankruptcy Judge for the District of Michigan, the United States Trustee for Region 9 or any person employed in the office of the United States

Trustee) satisfies the requirements of Bankruptcy Rule 2014.

## COMPENSATION

11. On or about December 1, 2017 Long Lake entered into an Agency Agreement (the "Agreement") with Debtor (**Exhibit A**). Long Lake received a right to compensation in the amount of seven percent (7%) of the purchase price of the shopping center. This amount was to serve as compensation to Long Lake for its fees and expenses incurred in advising the Debtor regarding the sale of its principal asset. Between the date of the Agreement and the termination date of the Agreement, Long Lake provided services to the Debtor. Long Lake's services in connection with the sale of the shopping center were confined to the months of December 1, 2017 to November 30, 2018.

12. Long Lake's fees are based on its customary percentage rates, which are periodically adjusted in accordance with Long Lake's policy. Based on the Agreement, Long Lake and the Debtor have agreed that Long Lake's agency rate structure will apply to this case.

13. Long Lake has agreed to accept the compensation the Court allows on the basis of (i) the Agency Agreement; (ii) rates charged; (iii) the necessity of the services performed to the administration of the estate; (iv) the reasonableness of the time within which the services were performed in relation to the results achieved; and (v) the complexity, importance, and nature of the problems, issues, or tasks addressed.

14. The Debtor believes that Long Lake was well qualified to represent the Debtor effectively and efficiently in this case. Long Lakes' resources, capabilities,

and experience in advising the Debtor were crucial to the successful sale of the asset. As such, the Debtor believes that employing Long Lake is in the best interests of the Debtor, its estate, its creditors, and all parties in interest.

15. As stated above, the Agency Agreement was executed long before the bankruptcy was filed, and the purchaser was located before the bankruptcy was filed.

16. Long Lake was unaware of the need to seek employment from the bankruptcy court in order to be paid at the closing of the transaction.

17. Long Lake relied upon Debtor's counsel, who assured him that he was permitted to pay the closing costs, including his commission, at the closing of the transaction.

18. Long Lake in reliance upon Debtor's counsel's representation did not exercise its rights to a assert a lien against the Debtor's real estate to secure the payment of its commission as provided in MCL Sec. 570.584.

19. Given the pre-petition Agency Agreement, the services provided by Long Lake up through the closing on the sale of the Debtor's only asset, and Long Lake's lack of knowledge as to the need to be employed, Debtor requests this Court enter the Order for Employment, including the authorization for payment of the broker fee of seven percent of the purchase price, *nunc pro tunc* to the beginning of this bankruptcy proceeding.

20. The *nunc pro tunc* employment of Long Lake will not prejudice the Estate, the Chapter 11 Trustee, the U.S. Trustee, the Chapter 7 Trustee, or any creditor of Debtor because all parties will be paid in full with the proceeds from the

sale of Debtor's asset.

## RELIEF REQUESTED

By this Application, Debtor seeks to employ Long Lake as its general bankruptcy real estate broker effective as of the filing of the bankruptcy, under the terms of the Agency Agreement and respectfully requests entry of an order substantially in the form attached to this application as **Exhibit C,** authorizing the Debtor to employ Long Lake as its broker effective as of the relief date.

Bankruptcy Code § 327(a) provides that a debtor-in-possession, subject to Court approval: may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor-in- possession] in carrying out the [debtor-in-possession's] duties under this title.

The relief sought in this application is justified and appropriate under Bankruptcy Code § 327(a). It is well recognized in this district and others that a business entity may be represented by outside real estate broker for their services. Accordingly, the Debtor requests that the Court allow payment for the services rendered by Long Lake by way of issuing the Court's approval of Long Lake as the Debtor's broker.

Even beyond the first days of this case, the Debtor needed Long Lake's advice in stabilizing the sale of the only asset of the Debtor so as to maximize distribution to the Debtor's creditors, all of which will receive a 100% dividend due in large part due to Long Lake's ability to secure the transaction.

## CONCLUSION

The Debtor respectfully requests that the Court enter an order in the form attached as Exhibit C: (a) authorizing the Debtor to employ Long Lake Realty on the terms outlined in this Application, *nunc pro tunc* to the Petition Date; and (b) granting any further appropriate relief.

DATED: 7/15/2019

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

In re:

**Eastlake Investments, LLC**  Case No. 19-42309
Debtor.  Chapter 7
  Hon. Thomas J. Tucker

_____/

# ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF LONG LAKE REALTY AND ALLOWANCE OF THE COMMISSION DUE AS A CHAPTER 11 ADMINISTRATIVE CLAIM

Upon consideration of the Debtor's Application to Employ Long Lake Realty Group, LLC, as Real Estate Broker for the Debtor *Nunc Pro Tunc* (the "Application"), ; and it appearing that the retention of Long Lake Realty is in the best interest of the Debtor's estate and its creditors; and it appearing that notice of the Application was adequate and proper under the circumstances of this case, and it appearing that no further notice of the Application is required; and the Court having found that good and sufficient cause exists for granting the Application;

IT IS HEREBY ORDERED, that the Application is granted;

IT IS HEREBY FURTHER ORDERED, that the Debtor is authorized, pursuant to, inter alia, § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) and Local Rule 2014-1, to employ and retain Long Lake Realty Group, LLC, as real estate broker to the Debtor upon the terms and conditions set forth in the Agency Agreement;

IT IS HEREBY FURTHER ORDERED, that Long Lake Realty Group, LLC's retention shall be effective *nunc pro tunc* to the Order for Relief;

IT IS HEREBY FURTHER ORDERED, that Long Lake Realty Group, LLC's commission of $399,000, which was paid at closing, is hereby allowed as a chapter

11 administrative claim.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

In re:
**Eastlake Investments, LLC**
      Debtor.

Case No. 19-42309
Chapter 7
Hon. Thomas J. Tucker

_____/

## NOTICE OF OPPORTUNITY TO RESPOND TO DEBTOR'S APPLICATION TO EMPLOY LONG LAKE REALTY GROUP, LLC, AS REAL ESTATE BROKER FOR THE DEBTOR *NUNC PRO TUNC*

      PLEASE TAKE NOTICE that Debtor has filed the above-captioned motion to for nunc pro tunc employment of real estate broker and related relief
.
      **YOUR RIGHTS MAY BE AFFECTED**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

      The Motion is available for review at the office of the Clerk of the U.S. Bankruptcy Court for the Eastern District of Michigan, located at 211 W. Fort Street, 17th Floor, Detroit, Michigan, or may be obtained by sending a **written** request to Robert N. Bassel, Esq., at the address below.
If you do not want the Court to grant the relief sought in the motion, or if you want the Court to consider your views on the motion, within 14 days you or your attorney must:

1. Communicate with the Court regarding your response or an answer explaining your position, at:
United States Bankruptcy Court, 211 W. Fort Street, 17th Floor, Detroit, Michigan
You must also communicate your response to Robert N. Bassel, Esq. at the address stated below.
**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting the relief requested in the motion.**

      Respectfully submitted,
      ___/s/ Robert Bassel _____
      ROBERT N. BASSEL (P48420)
      Attorneys for Debtor
      P.O. Box T
      Clinton, MI 49236
DATED: 7/15/2019      (248) 835-7683
      bbassel@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

In re:
**Eastlake Investments, LLC**
    Debtor.
_____/

Case No. 19-42309
Chapter 7
Hon. Thomas J. Tucker

## PROOF OF SERVICE

The undersigned served, or caused to be served, copies of DEBTOR'S APPLICATION TO EMPLOY LONG LAKE REALTY GROUP, LLC, AS REAL ESTATE BROKER FOR THE DEBTOR NUNC PRO TUNC, Notice of Time to Respond and Proof of Service upon the following by U.S. Mail or via the ECF system, which is designed to serve notice upon the following, where applicable:

Matrix

Counsel of record via ECF system

DATED: 7/15/2019

Respectfully submitted,
\_\_\_/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Debtor
P.O. Box T
Clinton, MI 49236
(248) 835-7683
bbassel@gmail.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

EASTLAKE INVESTMENTS, LLC,

Case No. 19-42309

Chapter 11

Debtor.

Judge Thomas J. Tucker

_____/

**ORDER CONVERTING THIS CASE TO CHAPTER 7,
AND ORDERING CERTAIN OTHER RELIEF**

This case came before the Court for a hearing on May 8, 2019, on the motion of the United States Trustee to convert this case to Chapter 7 (Docket # 72, the "Motion"). Notice was properly served upon the Debtor. For the reasons stated by the Court on the record during the hearing,

IT IS ORDERED that:

1. The Motion is granted.

2. This case is converted to Chapter 7, effective immediately.

3. The Debtor, within 30 days, must file a final report and account including schedules of unpaid debts incurred, and executory contracts or leases and of property acquired, after the commencement of the Chapter 11 case.

4. Within 10 days, the Debtor must file a supplemental matrix of the names and addresses of all creditors who became such only during the pendency of this Chapter 11 case, if any.

5. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor must pay to the interim Trustee all funds that the Debtor has, if any.

6. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor's attorney, Brett A. Border, must pay to the interim Trustee all funds that he has that are property of the bankruptcy estate in this case, including without limitation all funds received from the sale of the bankruptcy estate's property under the Court's sale order filed April 11, 2019 (Docket # 68), which sale closed on April 19, 2019. (The Debtor's attorney, Mr. Border, represented to the Court during the hearing that the total amount of funds that he has on deposit in his trust account, that are property of the bankruptcy estate, is $1,563,251.24.)

7. Immediately after the interim Chapter 7 Trustee is appointed in this case, Long Lake Realty Group, LLC ("Long Lake") must pay to the interim Trustee the sum of $399,000.00, which

represents a disgorgement and refund to the bankruptcy estate of the commission that Long Lake received from the closing of the sale referred to in paragraph 6 above.

8. This Order is without prejudice to the right of the Debtor, Long Lake, and/or the Chapter 7 Trustee to file an application to approve the employment of Long Lake and to file an application for approval to pay Long Lake a commission relating to the sale of the bankruptcy estate's property that is referred to in paragraph 6 above. (Note: the filing of the employment application that was attached as an exhibit to the Debtor's response to the Motion, filed May 7, 2019 (Docket # 77-3, 77-4, 77-5, is not deemed to be the filing of an employment application.) Any such application must be filed as a separate document, and such filing must comply with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules and Administrative Procedures for Electronic Case Filing.

9. This Order is without prejudice to the Debtor's right to prosecute its pending motion to dismiss this case (Docket # 71), and the right of any party in interest, including the United States Trustee and the Chapter 7 Trustee, to timely object to such motion.

**Signed on May 08, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

2

19-42809-tjt  Doc 190  Filed 07/15/19  Entered 07/15/19 15:53:08  Page 13 of 18
19-42809-tjt  Doc 82   Filed 05/08/19  Entered 05/08/19 13:55:08  Page 2 of 2




# AGENCY AGREEMENT FOR COMMERCIAL PROPERTY
## (BUSINESS OPPORTUNITIES)

1. **CONSIDERATION AND TERMS OF CONTRACT.** In consideration of your agreement to use your best effort to find a buyer for the business described below, Seller hereby grants Dean Groulx/Long Lake Realty Group                                   , the Broker, from December 1, 2017                 (date) to 12:00 midnight on November 30, 2018               (date) the exclusive irrevocable right to sell all the business assets ("Business Assets") used to conduct business known as Plaza at the Pointe (shopping center)                                            , including the good will, equipment and personal property used in connection with the business, other than the following Excluded Assets:_____

   The Business being sold pursuant to this Agreement: ☐ DOES NOT include any interest in real property or ☒ DOES include (choose one): ☒ fee title ☒ leasehold (Seller owns real property) ☐ assignment/sublet of Seller's leasehold interest, in the following real property ("Real Property") located in the ☒ City ☐ Township ☐ Village of New Baltimore                    , Macomb             County, Michigan, commonly known as: 35248-35340 23 Mile Road New Baltimore, MI 48047                              and legally described as _____
   PP # 09-24-101-064                                 . As used hereafter, "Business" includes the Business Assets and the Real Property described above, if any. Seller understands that any real estate agents who show the Business may not be acting as his/her agent; therefore, Seller understands that he/she should not disclose confidential information to any other real estate agents that he/she would not disclose to a buyer.

   Approximate lot size and/or acreage of Real Property: 6+                                        .

   Approximate building square footage offered: 78,000+-                            .

2. **PRICE AND TERMS.** Seller agrees to sell the Business for the sum of $ 6,000,000.00                   ; or with Seller's consent for a lesser sum. Seller agrees to sell the Business on the following terms (check all that apply): ☒ Cash ☐ Seller financing – please specify:

   ☐ Other – please specify: _____

   Seller will convey, or agree in writing to convey, by bill of sale and/or warranty deed, good and marketable title to all Business Assets and any Real Property to the buyer thereof.

   In the event Seller's interest in the Real Property is a leasehold interest, Seller agrees to provide buyer with an assignment of such lease or a sublease from Seller. In the event Seller owns the Real Property but the Real Property is not being offered for sale hereunder, Seller agrees to lease the Real Property to buyer on the following terms:
   _____

   In the event the Business includes an interest in Real Property, at closing, Seller will furnish a policy of title insurance insuring fee title or buyer's leasehold interest in the Real Property. Seller agrees not to execute any lease covering the Real Property during the listing period or to take any other action which would make such Business unavailable for sale. In the event of a sale, Seller agrees to pay all taxes against said Business to the date of closing of the sale.

3. **BROKERAGE FEES.** Seller agrees to pay Broker a brokerage fee of 7%                of the sales price of the Business due and payable if: the Business is sold by Broker or by Seller or anyone else during the listing period (including sales pursuant to options granted or contracts executed during the listing period); or a prospective buyer ready, willing and able to purchase the Business on the terms specified herein or other terms acceptable to Seller is produced by Broker or any agent or person during the listing period; or the Business is sold within 12         months after expiration of the listing period (including sales pursuant to options granted or contracts executed within that period following expiration) to a buyer who had been introduced to or provided information regarding the Business during the listing period by Broker or Seller or any other agent or person, except that this provision shall not apply if the Business is sold pursuant to a valid listing agreement entered into with another member of an Association of Realtors® subsequent to the expiration of the listing period of this Agreement. The term "sale" shall be deemed to include any exchange or trade, stock or other equity interest transfer or other disposition to which Seller consents.

   In addition to any brokerage fee owed in connection with the sale price, if, during the listing period, the Real Property is leased by Broker or Seller or anyone else, or if within _____ months after the expiration of the listing period, a lease is made to any person who has been introduced to or provided information regarding the Real Property during said listing period by Broker or Seller or anyone else, Seller agrees to pay Broker a brokerage fee of _____ of the aggregate rent due and payable under the term of the lease, except that this provision shall not apply if the Real Property is leased pursuant to a valid listing agreement entered into with another member of an Association of Realtors® subsequent to the expiration of the listing period of this Agreement.

©2005 Commercial Alliance of REALTORS®, all rights reserved, distributed under license by Michigan Association of REALTORS®, through MiCAR, its commercial services division.

☐ ☒ Seller's Initials

If the Real Property leased hereunder is later purchased in whole or in part by the buyer/lessee or anyone acting on the buyer/lessee's behalf at any time during, and up until _____ months after the termination of the term of the lease or any renewals or extensions thereof, including, but not limited to month-to-month renewals and holdover tenancies, a brokerage fee of _____ of the purchase price shall be payable except that the sale commission shall be reduced in amount by that portion of the lease commission paid which is equal to the portion of the lease term or lease extension not completed by reason of the sale. Said brokerage fee shall be due and payable promptly after it is earned and in no event later than the closing of the transaction.

All brokerage fee(s) provided for herein shall be paid promptly after they are earned and in no event later than the closing of the sale of the Business or the signing of the lease of the Real Property.

Seller agrees that the brokerage fee(s) may be shared by the Broker with any cooperating broker who participates in the sale per the following compensation schedule: Subagent (of Seller) _____ of the sale price and _____ of the aggregate rent due and payable under the term of the lease; buyer's agent _____ of the sale price and _____ of the aggregate rent due and payable under the term of the lease; Transaction Coordinator _____ of the sale price and _____ of the aggregate rent due and payable under the term of the lease.

Seller represents and warrants that: (i) there are no obligations to pay brokerage fees to any person or entity except as specified in this Agreement; and (ii) there are no rights of first refusal or options to lease or purchase applicable to the Business. If these representations and warranties prove to be inaccurate, no such obligation shall diminish the obligation to pay the brokerage fee(s) specified herein, and the exercise of any right or option during, or within _____ months after the expiration of, the listing period shall obligate Seller to promptly pay the brokerage fee(s) specified in this Agreement.

Seller and Broker agree that Broker shall be entitled to payment of reasonable attorney's fees and costs incurred by Broker to collect any brokerage fee(s) owed under the terms of this Agreement. Seller agrees that interest shall accrue, and be paid to Broker, at the highest rate allowed by law on any unpaid balance, compounded monthly until paid.

4. **INVENTORY.** The sales price which is set forth above ☐ DOES ☒ DOES NOT include the inventory of merchandise. If the sales price herein set forth does not include the inventory, such inventory will be sold separately for cash at the time of closing of sale at a price calculated as follows: _____ or, with Seller's consent, for such lesser sum or upon such other terms as Seller may agree.

5. **OPTIONS.** In the event Seller grants an option to purchase the Business during the term of this listing, other than an option which is part of a lease, Seller agrees that the running of the term of this listing shall automatically be suspended for the duration of the option and, upon the expiration of the option, shall automatically recommence and continue for the remainder of said term so that the listing period before and after the option will total the original term of this listing.

6. **SHOWINGS/DUAL AGENCY.** Seller agrees that Broker can market the Business to, and obtain offers from, all prospective buyer(s), including buyer(s) with whom Broker has an agency relationship. In the event a buyer with whom Broker has an agency relationship shall become interested in the Business, Broker shall notify Seller and buyer of its intention to represent both and obtain both parties' consent to the dual agency. Broker will preserve any confidential information obtained during any other agency relationship and Seller agrees that such preservation of confidential information shall not constitute a breach of fiduciary duty owed by Broker to Seller. Seller also understands and agrees that Broker may show potential buyer(s) businesses other than Seller's Business and provide potential buyer(s) with information on selling prices of other comparable businesses.

7. **INDEMNIFICATION.** Seller shall indemnify and hold Broker and Broker's agents and subagents harmless from any and all liability for any reason as a result of injury to person(s) or damage to property arising out of a showing of the Real Property pursuant to this listing.

8. **POSSESSION.** Possession to be given at closing _____ subject to rights of tenants, if any.

9. **MARKETING.** Broker is hereby authorized to photograph the Real Property and publish pictures, place a marketing sign on said Real Property and to remove all other marketing signs. Broker is also authorized to have access to said Real Property and all parts thereof for the purposes of showing same at reasonable hours and to promote this Business in any media it deems necessary.

10. **ADDITIONAL OFFERS.** In the event Seller enters into a sales contract, Broker shall not be obligated to present any other offers to Seller unless otherwise agreed in writing with Broker.

11. **PRICE AND TERMS.** Seller acknowledges that the purchase price and other sales information may be disclosed by the Broker to members of Associations of REALTORS®, multiple listing services and/or commercial information exchanges.

©2005 Commercial Alliance of REALTORS®, all rights reserved, distributed under license by Michigan Association of REALTORS®, through MiCAR, its commercial services division.

_____ Seller's Initials

12. **NON-DISCRIMINATION.** It is agreed by Broker and Seller, parties to this Agreement, that discrimination because of religion, race, color, national origin, age, sex, marital status, disability, or familial status in connection with the offer, sale or lease of real estate is prohibited by law.

13. **HEIRS AND SUCCESSORS.** This contract binds Seller, Broker, their personal representatives and heirs, and anyone succeeding to their interest in the Business.

14. **COST OF SERVICES OF PRODUCTS OBTAINED FROM OUTSIDE SOURCES.** Broker will not obtain or order products or services from outside sources (e.g. surveys, environmental tests, title insurances, inspections, etc.) without the prior written consent of Seller, and Seller agrees to pay all costs of products or services obtained by Broker on Seller's behalf.

15. **OTHER CONDITIONS:** Sale of assets and real estate subject to tenants' leasehold interests

16. **ACKNOWLEDGMENT.** This contract contains all of the terms and conditions of the agreement between the parties with respect to its subject matter, and there are no representations, warranties, conditions, or promises except those expressly set forth in this contract. This contract may be modified only by a writing signed by the parties. If Seller is an entity, the undersigned represents that he/she has full power and authority to enter into and perform this contract including the conveyance of title as specified above. Seller hereby acknowledges receipt of a completed copy of this contract. This contract shall be governed by Michigan law.

Listed by: Dean Groulx (6502407852)
REALTOR® Broker

through: Long Lake Realty Group, LLC
Agent

Entity: Eastlake Investments, LLC

By: _____
(Please sign name as you wish it to appear on final documents.)

Printed Name of Signatory: Johni Semma

Its: Member

Type of Ownership:  ☒ Sole   ☐ Joint   ☐ Other

©2005 Commercial Alliance of REALTORS®, all rights reserved, distributed under license by Michigan Association of REALTORS®, through MiCAR, its commercial services division.

Seller's Initials

Disclaimer: This form is provided as a service of the Michigan Association of REALTORS®. Please review both the form and details of the particular transaction to ensure that each section is appropriate for the transaction. The Michigan Association of REALTORS® is not responsible for use or misuse of the form, for misrepresentation, or for warranties made in connection with the form.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE:

EASTLAKE INVESTMENT, LLC     CHAPTER 11
                                           CASE NO. 19-42309
         DEBTOR.                 JUDGE TUCKER
_____/

DISCLOSURE AFFIDAVIT

Re: Agency and Broker Agreement for Eastlake Investments LLC

The undersigned, for and on behalf of Debtor, being first sworn, deposes and says:

1. The undersigned is a broker and duly licensed in the State of Michigan.

2. Long Lake Realty Group, LLC is willing to accept employment by the above captioned Debtor on the basis set forth in the agency agreement, a copy which is attached and has been provided to the United States Trustee.

3. To the best of my knowledge, information, and belief,: a. Long Lake Realty Group, LLC does not hold or represent an interest adverse to the Debtors estate and is a disinterested person, as that term is defined in Bankruptcy Code Sections 101(14) and modified by 1107(b), with respect to the matters for which Long Lake Realty Group, LLC is to be employed; b. No Long Lake Realty Group, LLC partner, counsel, or associate has any connection with the Debtor, its creditors, its estate, any United States District Judge or United States Bankruptcy Judge for the District of Michigan, the United States Trustee for Region 9 or any person employed in the office of the United States Trustee, or any other party in interest, or their respective attorneys and accountants, other than the Law Offices of Dean J. Groulx, P.C.; c. The disclosure made by Long Lake Realty Group, LLC in this Statement (regarding connections with any of Debtor, its creditors, any other parties in interest in this case, their respective attorneys and accountants, any United States District Judge or United States Bankruptcy Judge for the District of Michigan, the United States Trustee for Region 9 or any person employed in the office of the United States Trustee) satisfies the requirements of Bankruptcy Rule 2014.

4. The compensation is provided in the agency agreement and is customary 7% of sale price of the real estate asset. If this application is approved payment of this agreement shall be made from assets of the estate.

5. No compensation was provided to Long Lake Realty Group, LLC by the Debtor in the 12-month period prior to this petition.

6. I DECLARE UNDER THE PENALTY OF PERJURY that the foregoing is true and correct to the best of the undersigned's knowledge, information, and belief.

Dated: May 3, 2019       /s/ Dean J. Groulx
                         Dean Groulx Assoc Real Estate Broker
                         Long Lake Realty Group, LLC

STATE OF MICHIGAN   )
COUNTY OF OAKLAND   )

Signed and sworn before me using an electronic notarization system under MCL 55.286a in Oakland County, Michigan, on May 3, 2019.

                         /s/ Kelly Maureen Carlson
                         Kelly Maureen Carlson
                         Notary Public – State of Michigan
                         County of Oakland
                         My commission expires: October 21, 2025
                         Acting in Oakland County