## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

**IN THE MATTER OF:**

Eastlake Investments, LLC

                Debtor.

FRED J. DERY, Chapter 7 Trustee,

                Plaintiff,

v.

LONG LAKE REALTY GROUP, LLC,
a Michigan limited liability company,
DEAN J. GROULX, an individual, and
WENDY A. GRIMALDI-GROULX, an
individual

                Defendants.

Bankruptcy Case No. 19-42309
Honorable Thomas J. Tucker
Chapter 7

Adversary Proceeding No. 19-_____
Hon. Thomas J. Tucker

## COMPLAINT

**NOW COMES** Plaintiff and Chapter 7 Trustee, Fred J. Dery (the "Plaintiff" or "Trustee"), by and through his counsel, Stevenson & Bullock, P.L.C., and for his Complaint hereby states as follows:

## PARTIES AND JURISDICTION

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2.     This action is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure.

5.     Plaintiff is the duly appointed and acting Chapter 7 Trustee of the bankruptcy estate of the debtor (the "Bankruptcy Estate").

6.     Defendant Long Lake Realty Group, LLC ("Long Lake") is a Michigan limited liability company that conducts business in the Eastern District of Michigan.

7.     Defendant Dean J. Groulx is an individual who resides in the Eastern District of Michigan.

8.     Defendant Wendy A. Grimaldi-Groulx is an individual who resides in the Eastern District of Michigan and is the wife of Dean J. Groulx.

9.     The Plaintiff consents to the entry of final orders or judgments by the Bankruptcy Court in this proceeding.

## **GENERAL ALLEGATIONS**

10.    On February 19, 2019 (the "Petition Date"), the debtor, Eastlake Investments, LLC (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11, United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Eastern District of Michigan, Southern Division, which pends in this Court.

11.    Upon information and belief, Dean J. Groulx is the sole member of Long Lake.

12.    Upon information and belief, Dean J. Groulx, either individually and/or through Law Office of Dean J. Groulx, PC, performed legal services for the Debtor and Johni Semma, an individual who asserts he possessed a membership interest in the Debtor.

13.    Upon information and belief Dean J. Groulx, either individually and/or through Law Office of Dean J. Groulx, PC, was not paid for such legal services.

14.    During the pendency of the Chapter 11 proceeding, the Debtor obtained approval from the Bankruptcy Court to sell certain real property located at 35252-35340 23 Mile Road, New Baltimore, Michigan 48047 pursuant to the *Order Granting Motion of the Debtor to Sell Real Estate Free and Clear of Liens* (Docket No. 68).

15.    After the closing of the Court-approved sale, it was discovered that the Debtor had authorized a payment of $399,000.00 to Long Lake (the "Unauthorized Payment") from the sale proceeds.

16.    Upon information and belief, a 7% commission is above market rate for commercial real estate transactions of this kind.

17. The Unauthorized Payment was made (i) without approval of the Court for such payment; (ii) without an order being entered authorizing the employment of Long Lake; (iii) without a disclosure of any alleged contractual relationship between the Debtor and Long Lake; and (iv) after numerous representations made to the Court that no real estate brokers were involved in the sale of the Debtor's real property.

18. On May 8, 2019, the bankruptcy case was converted to one under Chapter 7 of the Bankruptcy Code pursuant to the *Order Converting this Case to Chapter 7, and Ordering Certain Other Relief* (the "Conversion Order") [Docket No. 82]. A copy of the Conversion Order is attached hereto as **Exhibit 1**.

19. The Conversion Order provides, in pertinent part:

> Immediately after the interim Chapter 7 Trustee is appointed in this case, [Long Lake] must pay to the interim Trustee the sum of $399,000.00, which represents a disgorgement and refund to the bankruptcy estate of the commission that Long Lake received from the closing of the sale referred to in paragraph 6 above.

Id. at ¶ 7.

20. The Plaintiff is the duly appointed, qualified, and acting Chapter 7 trustee in this case with the fiduciary duties prescribed to a trustee pursuant to 11 U.S.C. § 704(a).

21. The Plaintiff has made demand upon Long Lake for the repayment of the Unauthorized Payment. Indeed, the Plaintiff sent a demand letter to Long Lake

on May 9, 2019 (the "Demand Letter"). A copy of the Demand Letter is attached hereto as **Exhibit 2** and was sent via email, facsimile, and USPS Certified Mail that same day to Dean J. Groulx and Long Lake, in care of its resident agent.

22.   To date, notwithstanding the specific and definite requirement that Long Lake pay the Plaintiff the Unauthorized Payment and the Trustee's Demand Letter, Long Lake has failed to comply with the Conversion Order and has failed to repay the Unauthorized Payment to the Bankruptcy Estate.

23.   Upon information and belief, including pursuant to the Affidavit of Long Lake Realty Group, LLC (the "Affidavit"), attached hereto as **Exhibit 3**, Dean J. Groulx received at least $350,000.00 of the Unauthorized Payment on April 22, 2019 (the "Transfer"). *Id*. at ¶ 5.

24.   Dean J. Groulx asserts under penalty of perjury that he then "immediately used $195,363.73 of the [Transfer] to complete the purchase of a summer home, at 2014 Traverse Street, Elk Rapids, MI" (the "Real Property"). *Id*. at ¶ 6. The Affidavit does not disclose that the Real Property was purchased in the name of Wendy A. Grimaldi-Groulx.

25.   Upon information and belief, prior to April 17, 2019, the Real Property was being purchased by Dean J. Groulx and Wendy A. Grimaldi-Groulx on land contract.

26.     Upon information and belief, prior to April 17, 2019, the land contract had matured and forfeiture proceedings had commenced against Dean J. Groulx and Wendy A. Grimaldi-Groulx by the land contract vendor.

27.     The Real Property was redeemed and purchased solely in the name of Wendy A. Grimaldi-Groulx on or about April 17, 2019, the date that the Warranty Deed between Wendy A. Grimaldi-Groulx and Andy A.R. Ball *a/k/a* Andrew R. Ball.  See, **Exhibit 4**, Warranty Deed.

28.     Upon information and belief, in an apparent effort to stave off the allegations raised regarding the Unauthorized Payment and the Transfer, on or about May 6, 2019, Dean J. Groulx and Wendy A. Grimaldi-Groulx executed a mortgage granting a lien in favor of the Debtor against the Real Property (the "Mortgage").  A copy of the Mortgage is attached hereto as **Exhibit 5**.

29.     The Mortgage provides that it "is granted to [the Debtor] to secure the repayment of a $399,000.00 commission to Long Lake … in connection with the sale of Plaza at the Pointe, in New Baltimore, Michigan, pending approval of the US Bankruptcy Court, Eastern District of Michigan, Southern Division, In re Eastlake Investments, LLC, Chapter 11, Case No. 19-42309, Judge Tucker." *Id.*

30.     Upon information and belief, the Mortgage was never recorded with the Antrim County Register of Deeds.

31.     The Affidavit, which was signed under penalty of perjury by Dean J. Groulx, also provides, in part,

> I also used $70,000.00 to immediately pay household and personal expenses, such as automobile, mortgage and rent, credit cards, tuition, groceries, and meals and entertainment. I also immediately used $40,130.97 to repay a loan. The remaining funds I received were used to pay other personal or business expenses in very short order.

*Id.*

32.     Upon information and belief, Dean J. Groulx and Wendy A. Grimaldi-Groulx benefited from the dissipation of the Unauthorized Payment and the Transfer, including the payment of the household, business, and personal expenses, the purchase of the Real Property, and the repayment of the loan as disclosed in the Affidavit.

## COUNT I – TURNOVER AGAINST LONG LAKE PURSUANT TO 11 U.S.C. § 542(a)

33.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

34.     An entity in possession, custody, or control of property that the trustee may use, sell, or lease under § 363 of the Bankruptcy Code […] shall deliver to the Trustee, and account for, such property or the value of such property, unless such property is of inconsequential value to the estate. 11 U.S.C. § 542(a).

35.     Pursuant to 11 U.S.C. §105, the Court has broad power to, "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

36.     The Unauthorized Payment is neither claimed as exempt nor exemptible by the Debtor.

37.     The Unauthorized Payment is property of the Bankruptcy Estate.  11 U.S.C. § 541(a).

38.     The Unauthorized Payment is property that may be liquidated by the Trustee to pay pro rata distributions to creditors and claimants of the Bankruptcy Estate.

39.     The Unauthorized Payment is not of inconsequential value to the Bankruptcy Estate.

40.     Long Lake must account for the Unauthorized Payment, or the value thereof, to the Bankruptcy Estate

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter a Judgment in the Plaintiff's favor in the amount of three hundred ninety-nine thousand ($399,000.00) dollars, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT II – TURNOVER AGAINST LONG LAKE
## PURSUANT TO 11 U.S.C. § 542(b)

41.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

42.     Count II is pled in the alternative to Count I.

43.     Long Lake owes a debt that is property of the Bankruptcy Estate.

44.     The debt owed by Long Lake is matured and due and owing.

45.     There is no dispute as to the amount owing by Long Lake to the Bankruptcy Estate.

46.     Long Lake has no right to offset under 11 U.S.C. § 553 against the Bankruptcy Estate.

47.     Pursuant to 11 U.S.C. § 542(b), Long Lake must pay the amount of the Unauthorized Payment to the Bankruptcy Estate.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter a Judgment in the Plaintiff's favor in the amount of three hundred ninety-nine thousand ($399,000.00) dollars, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT III – AVOIDANCE OF UNAUTHORIZED POST-PETITION
## TRANSFER PURSUANT TO 11 U.S.C. § 549

48.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

49.     Section 549 of the Bankruptcy Code states:

Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of proprety of the estate –

    (1) that occurs after the commencement of the case; and
    (2)     (A) that is authorized only under section 303(f) or 542(c) of this title; or
        (B) that is not authorized under this title or by the court.

50.     The Transfer occurred after the Petition Date.

51.     The Transfer was not authorized under the Bankruptcy Code or by the Bankruptcy Court.

52.     The Transfer is avoidable by the Plaintiff pursuant to 11 U.S.C. § 549.

53.     The Trustee is entitled to a judgment avoiding and recovering the Transfer.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against Dean J. Groulx and Wendy A. Grimaldi-Groulx under 11 U.S.C. § 549 for the avoidance of the Transfer or a money judgment that is not less than the value of the Transfer, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT IV – RECOVERY OF AVOIDABLE TRANSFER
## PURSUANT TO 11 U.S.C. § 550(a)

54.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

55.     Pursuant to Section 550(a) of the Bankruptcy Code, to the extent that a transfer is avoided under, *inter alia*, Sections 544, 547, or 548 of the Bankruptcy Code, the Trustee may seek to recover, for the benefit of the estate, the property transferred or the value of the property from the initial transferee of the transfer or the entity for whose benefit the transfer was made, or any immediate or mediate transferee of such initial transferee.

56.     Dean J. Groulx and Wendy A. Grimaldi-Groulx are the initial transferees of the avoidable Transfer or the immediate or mediate transferees of such initial transferees or the persons for whose benefit the avoidable Transfer were made.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against Dean J. Groulx and Wendy A. Grimaldi-Groulx under 11 U.S.C. § 550 for the avoidance of the Transfer or a money judgment that is not less than the value of the Transfer, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT V – PRESERVATION OF AVOIDED TRANSFER
## PURSUANT TO 11 U.S.C. § 551

57.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

58.     Pursuant to Section 551 of the Bankruptcy Code, any transfer avoided under, *inter alia*, Sections 544, 547, or 548 is automatically preserved for the benefit of the estate.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against Dean J. Groulx and Wendy A. Grimaldi-Groulx under 11 U.S.C. § 551 for the avoidance of the Transfer or a money judgment that is not less than the value of the Transfer, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT VI – CLAIM DISALLOWANCE
## PURSUANT TO 11 U.S.C. § 502(d)

59.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

60.     Section 502(d) of the Bankruptcy Code provides:

Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542 , 543 , 550 , or 553 of this title or that is a transferee of a transfer avoidable under section 522(f) , 522(h) , 544 , 545 , 547 , 548 , 549 , or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such

entity or transferee is liable under section 522(i) , 542 , 543 , 550 , or 553 of this title.

61.     The Trustee is entitled to turnover from Long Lake under 11 U.S.C. § 542.

62.     Dean J. Groulx and Wendy A. Grimaldi-Groulx are transferees of an avoidable transfer under 11 U.S.C. § 549.

63.     Any present or future claims of any of the Defendants should be disallowed pursuant to 11 U.S.C. § 502(d).

WHEREFORE, the Plaintiff respectfully requests that the Court disallow any present or future claims any of the Defendants may have against the Bankruptcy Estate and grant the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT VII – UNJUST ENRICHMENT

64.     Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

65.     Dean J. Groulx and Wendy A. Grimaldi-Groulx received a benefit from the Transfer and the Unauthorized Payment.

66.     It would be inequitable for Dean J. Groulx and Wendy A. Grimaldi-Groulx to retain the benefits provided to them from the Transfer and the Unauthorized Payment.

67.    Dean J. Groulx and Wendy A. Grimaldi-Groulx have been unjustly enriched by the receipt of money, and it is inequitable for them to retain the benefits without compensating the Bankruptcy Estate.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against Dean J. Groulx and Wendy A. Grimaldi-Groulx in the amount of three hundred ninety-nine thousand ($399,000.00) dollars, plus costs and interest from the date of this Complaint, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

## COUNT VIII –CONVERSION

68.    Plaintiff hereby incorporates by reference all of the preceding paragraphs of this Complaint as if fully restated herein.

69.    Dean J. Groulx and Wendy A. Grimaldi-Groulx received a benefit from the Transfer and the Unauthorized Payment.

70.    MCL 600.2919a provides:

(1) A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, plus costs and reasonable attorney fees:
    (a) Another person's stealing or embezzling property or converting property to the other person's own use.
    (b) Another person's buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property when the person buying, receiving, possessing, concealing, or aiding in the concealment of stolen, embezzled, or converted property knew that the property was stolen, embezzled, or converted.

(2) The remedy provided by this section is in addition to any other right or remedy the person may have at law or otherwise.

71.     The Defendants have wrongfully exercised dominion over Unauthorized Payment, which is property of the Bankruptcy Estate.

72.     The Defendants have used the Unauthorized Payment for an improper purpose.

73.     Upon information and belief, the Defendants have delivered the Unauthorized Payment without authority to third parties.

74.     Additionally, Dean J. Groulx and Wendy A. Grimaldi-Groulx received, possessed, and concealed the Transfer.

75.     Moreover, upon information and belief, Dean J. Groulx and Wendy A. Grimaldi-Groulx aided in the concealment of the converted Unauthorized Payment, while knowing that it was stolen, embezzled, or converted.

76.     As a direct and proximate cause of the foregoing, the Bankruptcy Estate has been damaged.

**WHEREFORE,** the Plaintiff respectfully requests the entry of a judgment against the Defendants in the amount of one million one hundred ninety-seven thousand ($1,197,000.00) dollars, plus costs and interest from the date of this Complaint pursuant to MCL § 600.2919a, and granting the Plaintiff such other and further relief, at law or in equity, as the Court may deem just and proper.

Respectfully submitted,
**STEVENSON & BULLOCK, P.L.C.**

By: /s/ Elliot G. Crowder
Charles D. Bullock (P55550)
Elliot G. Crowder (P76137)
Counsel for Plaintiff
26100 American Drive, Suite 500
Southfield, MI 48034
Phone: (248) 354-7906
Facsimile: (248) 354-7907
Email: cbullock@sbplclaw.com
Email: ecrowder@sbplclaw.com

Dated: July 16, 2019

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

EASTLAKE INVESTMENTS, LLC,

Case No. 19-42309

Chapter 11

Debtor.

Judge Thomas J. Tucker

_____/

**ORDER CONVERTING THIS CASE TO CHAPTER 7,
AND ORDERING CERTAIN OTHER RELIEF**

This case came before the Court for a hearing on May 8, 2019, on the motion of the
United States Trustee to convert this case to Chapter 7 (Docket # 72, the "Motion"). Notice was
properly served upon the Debtor. For the reasons stated by the Court on the record during the
hearing,

IT IS ORDERED that:

1. The Motion is granted.

2. This case is converted to Chapter 7, effective immediately.

3. The Debtor, within 30 days, must file a final report and account including schedules of unpaid
debts incurred, and executory contracts or leases and of property acquired, after the
commencement of the Chapter 11 case.

4. Within 10 days, the Debtor must file a supplemental matrix of the names and addresses of all
creditors who became such only during the pendency of this Chapter 11 case, if any.

5. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor must pay
to the interim Trustee all funds that the Debtor has, if any.

6. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor's
attorney, Brett A. Border, must pay to the interim Trustee all funds that he has that are property
of the bankruptcy estate in this case, including without limitation all funds received from the sale
of the bankruptcy estate's property under the Court's sale order filed April 11, 2019 (Docket
# 68), which sale closed on April 19, 2019. (The Debtor's attorney, Mr. Border, represented to
the Court during the hearing that the total amount of funds that he has on deposit in his trust
account, that are property of the bankruptcy estate, is $1,563,251.24.)

7. Immediately after the interim Chapter 7 Trustee is appointed in this case, Long Lake Realty
Group, LLC ("Long Lake") must pay to the interim Trustee the sum of $399,000.00, which

represents a disgorgement and refund to the bankruptcy estate of the commission that Long Lake received from the closing of the sale referred to in paragraph 6 above.

8. This Order is without prejudice to the right of the Debtor, Long Lake, and/or the Chapter 7 Trustee to file an application to approve the employment of Long Lake and to file an application for approval to pay Long Lake a commission relating to the sale of the bankruptcy estate's property that is referred to in paragraph 6 above. (Note: the filing of the employment application that was attached as an exhibit to the Debtor's response to the Motion, filed May 7, 2019 (Docket # 77-3, 77-4, 77-5, is not deemed to be the filing of an employment application.) Any such application must be filed as a separate document, and such filing must comply with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules and Administrative Procedures for Electronic Case Filing.

9. This Order is without prejudice to the Debtor's right to prosecute its pending motion to dismiss this case (Docket # 71), and the right of any party in interest, including the United States Trustee and the Chapter 7 Trustee, to timely object to such motion.

**Signed on May 08, 2019**



/s/ Thomas J. Tucker
_____
Thomas J. Tucker
United States Bankruptcy Judge

# **EXHIBIT 2**

# STEVENSON & BULLOCK, P.L.C.

### Attorneys and Counselors
### 26100 American Drive, Suite 500
### Southfield, MI 48034
### (248) 354-7906
### Fax: (248) 354-7507

Michael A. Stevenson
Charles D. Bullock*
Kimberly Bedigian
Ernest M. Hassan, III
Sonya N. Goll
Elliot G. Crowder**
Michelle Stephenson

Of Counsel, Michael J. Devine (1941-2013)

*Also licensed in Tennessee
**Also Licensed in New York

May 9, 2019

Sent via email, facsimile, and certified mail

Long Lake Realty Group, LLC
Attn.: Mr. Dean Groulx
100 W. Long Lake Road, Suite 102
Bloomfield Hills, MI 48304
Facsimile: (248) 644-5640
Email: dean.groulxlaw@gmail.com

Long Lake Realty Group, LLC
Attn.: Mr. Paul L. Nine, R.A.
100 W. Long Lake Road, Suite 102
Bloomfield Hills, MI 48304
Facsimile: (248) 644-5640
Email: office@paullninepc.com

RE: Eastlake Investments, LLC (the "Debtor")
Case No. 19-42309-TJT

Dear Long Lake Realty Group, LLC:

As you are aware, on or about May 8, 2019, the Debtor's bankruptcy case was converted to a case under Chapter 7 pursuant to the *Order Converting this Case to Chapter 7, and Ordering Certain Other Relief* (the "Order"). A copy of the Order is attached hereto. Fred J. Dery (the "Trustee") has been appointed Chapter 7 Trustee by the Office of the United States Trustee, and has requested that this office represent him in the case. A copy of the Notice of Chapter 7 Bankruptcy Case is also attached hereto.

The Order provides, in pertinent part: "Immediately after the interim Chapter 7 Trustee is appointed in this case, Long Lake Realty Group, LLC ("Long Lake") must pay to the interim Trustee the sum of $399,000.00, which represents a disgorgement and refund to the bankruptcy estate of the commission that Long Lake received from the closing of the sale referred to in paragraph 6 above."

The Trustee requests turnover of the sum of $399,000.00 by 5:00pm, today. The payment should be made in certified funds payable to "Fred J. Dery, Trustee." Please contact me to confirm when the payment is available for pick up from your office.

Very Truly Yours,

**STEVENSON & BULLOCK, P.L.C.**

Elliot G. Crowder

Enclosures

cc:    Chapter 7 Trustee, Fred J. Dery (via email only)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Case No. 19-42309

EASTLAKE INVESTMENTS, LLC,

Chapter 11

Debtor.

Judge Thomas J. Tucker

_____/

**ORDER CONVERTING THIS CASE TO CHAPTER 7,
AND ORDERING CERTAIN OTHER RELIEF**

This case came before the Court for a hearing on May 8, 2019, on the motion of the
United States Trustee to convert this case to Chapter 7 (Docket # 72, the "Motion"). Notice was
properly served upon the Debtor. For the reasons stated by the Court on the record during the
hearing,

IT IS ORDERED that:

1. The Motion is granted.

2. This case is converted to Chapter 7, effective immediately.

3. The Debtor, within 30 days, must file a final report and account including schedules of unpaid
debts incurred, and executory contracts or leases and of property acquired, after the
commencement of the Chapter 11 case.

4. Within 10 days, the Debtor must file a supplemental matrix of the names and addresses of all
creditors who became such only during the pendency of this Chapter 11 case, if any.

5. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor must pay
to the interim Trustee all funds that the Debtor has, if any.

6. Immediately after the interim Chapter 7 Trustee is appointed in this case, the Debtor's
attorney, Brett A. Border, must pay to the interim Trustee all funds that he has that are property
of the bankruptcy estate in this case, including without limitation all funds received from the sale
of the bankruptcy estate's property under the Court's sale order filed April 11, 2019 (Docket
# 68), which sale closed on April 19, 2019. (The Debtor's attorney, Mr. Border, represented to
the Court during the hearing that the total amount of funds that he has on deposit in his trust
account, that are property of the bankruptcy estate, is $1,563,251.24.)

7. Immediately after the interim Chapter 7 Trustee is appointed in this case, Long Lake Realty
Group, LLC ("Long Lake") must pay to the interim Trustee the sum of $399,000.00, which

represents a disgorgement and refund to the bankruptcy estate of the commission that Long Lake received from the closing of the sale referred to in paragraph 6 above.

8. This Order is without prejudice to the right of the Debtor, Long Lake, and/or the Chapter 7 Trustee to file an application to approve the employment of Long Lake and to file an application for approval to pay Long Lake a commission relating to the sale of the bankruptcy estate's property that is referred to in paragraph 6 above. (Note: the filing of the employment application that was attached as an exhibit to the Debtor's response to the Motion, filed May 7, 2019 (Docket # 77-3, 77-4, 77-5, is not deemed to be the filing of an employment application.) Any such application must be filed as a separate document, and such filing must comply with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and this Court's Local Rules and Administrative Procedures for Electronic Case Filing.

9. This Order is without prejudice to the Debtor's right to prosecute its pending motion to dismiss this case (Docket # 71), and the right of any party in interest, including the United States Trustee and the Chapter 7 Trustee, to timely object to such motion.

**Signed on May 08, 2019**



/s/ Thomas J. Tucker

**Thomas J. Tucker**
**United States Bankruptcy Judge**

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor | **Eastlake Investments LLC** | EIN | **46−4275107** |
| | Name | | |

| | | |
|---|---|---|
| United States Bankruptcy Court **Eastern District of Michigan** | Date case filed in chapter **11** | **2/19/19** |
| Case number: **19−42309−tjt** | Date case converted to chapter **7** | **5/8/19** |

## Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline          12/15

For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**The court will dismiss this case without a hearing if the debtor(s) do not timely file all the required documents and if no request for a hearing on dismissal is filed within 21 days after the petition is filed. The Clerk will give notice of the hearing on dismissal only to the party requesting the hearing, the debtor and the trustee.**

| | | | |
|---|---|---|---|
| 1. **Debtor's full name** | Eastlake Investments LLC | | |
| 2. **All other names used in the last 8 years** | | | |
| 3. **Address** | 1109 Decker Road<br>Walled Lake, MI 48390 | | |
| 4. **Debtor's attorney**<br>Name and address | Brett A. Border<br>24725 W. 12 Mile Road<br>Suite 110<br>Southfield, MI 48034 | Contact phone: 248−945−1111 | |
| 5. **Bankruptcy trustee**<br>Name and address | Fred Dery<br>803 West Big Beaver<br>Suite 353<br>Troy, MI 48084 | Contact phone: 248−362−4655 | |
| 6. **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or register online at www.pacer.gov. | Address of the Bankruptcy Clerk's Office:<br>211 West Fort Street<br>Detroit, MI 48226<br><br>Contact phone: 313−234−0065 | For the Court:<br>Clerk of the Bankruptcy Court:<br>Katherine B. Gullo<br><br>Hours open:<br>8:30am−4:00pm Monday−Friday<br><br>Date: 5/8/19 | |
| 7. **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **June 12, 2019 at 12:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**211 West Fort St., Room 315, Detroit, MI 48226** | |
| 8. **Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.<br><br>If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | | |
| 9. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | | |

19-42309-tjt    Doc 192    Filed 07/16/19    Entered 07/16/19 19:38:50    Page 26 of 35

# **EXHIBIT 3**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN RE:

EASTLAKE INVESTMENT, LLC       CHAPTER 7
                                  CASE NO. 19-42309
         DEBTOR.             JUDGE TUCKER
_____/

## <u>AFFIDAVIT OF LONG LAKE REALTY GROUP, LLC</u>

The undersigned, on behalf of Long Lake Realty Group, LLC ("Broker"), deposes and states:

1. I am a duly licensed real estate broker, in good standing, with the State of Michigan (License No. 6505396806).

2. On or about December 1, 2017, the Debtor signed and delivered an Agency Agreement for Commercial Property ("Agency Agreement"). Pursuant to the Agency Agreement, Broker agreed to market and sell Plaza at the Pointe, a shopping center in New Baltimore, Michigan owned by Debtor ("Shopping Center"), for the sum of $6,000,000.00, and, in return, Debtor agreed to pay Broker a commission equal to 7% of the agreed upon sales price.

3. In May of 2018, Debtor and O.P. Investment Group, LLC ("Purchaser") entered into a Purchase and Sale Agreement, wherein Purchaser agreed to purchase the Shopping Center from Debtor for $5,900,000.00 ("Sales Price). If, and when, the transaction closed, Broker would be entitled to commission equal to 7% of the Sale Price, or $399,000.00 ("Commission"), pursuant to the Agency Agreement.

4. The transaction closed on April 19, 2019.

5. The title closing agent sent the Commission to Broker, via wire transfer, on April 22, 2019. On that same date, Broker made a distribution of $350,000.00 to me.

6. I immediately used $195,363.73 of the distribution to me to complete the purchase of a summer home, at 2014 Traverse Street, Elk Rapids, Michigan. I also used $70,000.00 to immediately pay household and personal expenses, such as automobile, mortgage and rent, credit cards, tuition, groceries, and meals and entertainment. I also immediately used $40,130.97 to repay a loan. The remaining funds I received were used to pay other personal or business expenses in very short order.

7. The Broker used its share of the Commission to pay business expenses and advances.

8. By May 1, 2019, the Broker did not have any monies in its account or available to it. The Broker could not, and cannot, comply with the Bankruptcy Court's Order of May 8, 2019, directing the Broker to disgorge the Commission.

8. I DECLARE UNDER THE PENALTY OF PERJURY that the foregoing is true and correct to the best of the undersigned's knowledge, information, and belief.

Dated: May 28, 2019

/s/ Dean J. Groulx_____
Dean Groulx Assoc Real Estate Broker
Long Lake Realty Group, LLC

STATE OF MICHIGAN )
COUNTY OF OAKLAND )

Signed and sworn before me using an electronic notarization system under MCL 55.286a in Oakland County, Michigan, on May 28, 2019.

/s/ Kelly Maureen Carlson_____
Kelly Maureen Carlson
Notary Public – State of Michigan
County of Oakland
My commission expires: October 21, 2025
Acting in Oakland County

# EXHIBIT 4



Tx:4035281

# STATE OF Michigan

## REAL ESTATE / TRANSFER TAX ★

225.50 CO ★
1,537.50 ST ★
TTX # 4035281 ★

ANTRIM
04/25/2019
201900003371

**201900003371**
Filed for Record in
**ANTRIM COUNTY MICHIGAN**
**PATTY NIEPOTH**
**REGISTER OF DEEDS**
04/25/2019 09:46 AM
**PAGES: 1**

**CERTIFICATION** _04/25/19 Comm_
I hereby certify that according to our records all taxes
returned to this office are paid for five years preceding the
date to this instrument. This does not include taxes in the
process of collection.

Sherry A. Comben, Antrim County Treasurer

### WARRANTY DEED

**KNOW ALL MEN BY THESE PRESENTS:** That ANDY A.R. BALL a/k/a ANDREW R. BALL, a single man, whose address is 8926 Lincoln Drive, Huntington Woods, Michigan 48070 ("Grantor")

Conveys and Warrants to: **WENDY A. GRIMALDI-GROULX**, whose address is 542 W. Brown Street, Birmingham, MI 48009 ("Grantee"), the following described premises situated in the Village of Elk Rapids, Antrim County, Michigan; to-wit:

> Lot 67, VILLAGE OF ELK RAPIDS, according to the plat thereof as recorded in Liber A of Plats,
> Pages 1-4
> TAX PARCEL #:05-43-010-070-00 / Commonly Known as 104 Traverse Street.

For the sum of **TWO HUNDRED FIVE THOUSAND AND 00/100 DOLLARS ($205,000.00)**, and subject to zoning ordinances, and all easements and restrictions of record, and free of all other encumbrances except such as may have attached or accrued by or through acts or omissions of persons other than the Grantor since June 1, 2017, the date of a certain Land Contract to which this Warranty Deed is delivered.

Dated this ⎿⎺⏋ day of April 2019.

GRANTOR:

Andy A.R. Ball a/k/a Andrew R. Ball

STATE OF MICHIGAN )
) ss
COUNTY OF OAKLAND )

The foregoing instrument was acknowledged before me in Oakland County, Michigan, this ⎿⎺⏋ day of April 2019, by Andy A.R. Ball a/k/a Andrew R. Ball, a single man.

_Inder Preet Nancy_ Notary Public
_Oakland_ County, Michigan
_Oakland_ Acting in Oakland County
My Commission Expires: _1/6/2020_

**INDER-PREET NANCY**
Notary Public, Oakland County, Michigan
My Commission Expires 1/6/2020

When Recorded Return To & Send
Subsequent Tax Bills To:
Grantee

Drafted By:
John A. Anderson, Esq.
Giarmarco, Mullins & Horton, P.C.
101 W. Big Beaver Road, Suite 1000
Troy, MI 4804

W:\GAC\BALL\Updated Warranty Deed 4-16-2019.docx

20426

TT⁸ 1,763.00

35

# EXHIBIT 5

# MORGAGE

THIS MORTGAGE ("Mortgage") is made and granted this 6th day of May, 2019, by Dean J. Groulx and Wendy A. Grimaldi-Groulx ("Mortgagor"), a husband and wife, whose address is 542 W. Brown Street, Birmingham, Michigan 48009, to Eastlake Investments, LLC ("Mortgagee"), a Michigan limited liability company, whose address is 1109 Decker Road, Walled Lake, Michigan 48390. This mortgage is granted to Mortgagee to secure the repayment of a $399,000.00 commission to Long Lake Realty Group, LLC ("Commission") in connection with the sale of Plaza at the Pointe, in New Baltimore, Michigan, pending approval of the US Bankruptcy Court, Eastern District of Michigan, Southern Division, In re Eastlake Investments, LLC, Chapter 11, Case No. 19-42309, Judge Tucker ("Bankruptcy Court").

## GRANTING CLAUSE

In order to secure payment of the debt and performance of the covenants and conditions of this Mortgage, Mortgagor does mortgage and warrant to Mortgagee, their successors and assigns, the following property located in the Village of Elk Rapids, County of Antrim, State of Michigan, described as:

> Lot 67, VILLAGE OF ELK RAPIDS, according to the plat thereof as recorded in Liber A of Plats. Pages 1-4

> Commonly known as: 104 Traverse Street, Elk Rapids, Michigan 49629

> Parcel ID: 05-43-010-070-00 ("Premises")

Together with all buildings and improvements now or hereafter upon the real estate or any part thereof, and all heretofore or hereafter vacated alleys, streets and sidewalks abutting the real estate and all now owned or hereafter acquired easements, licenses, rights-of-way and privileges benefiting the real estate or in anywise appertaining, including those easements, licenses, rights-of-way and privileges, if any, and together with all fixtures; 554.1101, et seq

To have and to hold the Premises being all of the foregoing, with all of the tenements, hereditaments, easements, appurtenances and other rights and privileges thereunto belonging or in any manner now or hereafter appertaining thereto, for the use and benefit of Mortgagee upon the conditions hereinafter set forth.

## DEFINITIONS

FOR THE PURPOSE OF THIS MORTGAGE UNLESS THE CONTEXT SHALL OTHERWISE REQUIRE:

A. Any reference to **"Premises"** shall be deemed to apply without limitation to all of the above described real estate, and to all buildings and improvements now or hereafter located thereon, and to all heretofore or hereafter vacated alleys, streets and sidewalks, and all now owned or hereafter acquired easements, licenses, privileges,

1

right-of-ways, reversions, remainders and all rights, titles, interests, property, claims and demands of Mortgagor therein and to the present and future rents, profits, income and leases of the Premises.

B.    **"Event of Default"** shall have the meaning set forth in paragraph Fifth.

**FIRST: Commission.**  Dean Groulx/Long Lake Realty Group, LLC will repay the Commission, as directed by the Bankruptcy Court.  In the event that the Commission is not repaid as directed by the Bankruptcy Court, then the Mortgagee shall have the right to foreclose on the Mortgage on the Premises.

**SECOND: Title.**  At time of delivery of this Mortgage, Mortgagor owns unencumbered fee title to the Premises, except easements and rights of way of record.

**THIRD: Taxes and Insurance.**  Mortgagor shall pay all taxes and other charges assessed against the Premises before any penalties accrue thereon, and at the request of Mortgagee, provide evidence of the payment of such taxes. Mortgagor shall procure and maintain without lapse or cancellation premises liability and hazard insurance.  In the event that Mortgagor fails to pay taxes or insurance as provided herein, then Mortgagee may advance the funds to pay for such taxes or insurance until paid in full.

**FOURTH: Waste; Alterations; Compliance with Law.**  Mortgagor shall abstain from and shall not suffer the commission of waste on the Premises and shall keep the same in good repair and shall make replacements thereto as and when the same become necessary.  Mortgagee understands and acknowledges that Mortgagor has the right to make repairs and improvements to the Premises, in its sole judgment and discretion, without the consent or approval of the Mortgagee, provided, however, that all such repairs and improvements must comply with all local and state building codes, regulations, and laws.

**FIFTH: Performance by Mortgagee.**  If an Event of Default shall occur with respect to the obligations of Mortgagor in the payment of any taxes or assessments or in making repairs or replacements or in procuring and maintaining insurance and paying the premiums therefor, or in keeping or performing any other covenant, term or condition hereof, Mortgagee may, at its option and without any obligation on its part so to do, pay the taxes and assessments, make such repairs and replacements, effect such insurance, pay the premiums, and perform any other covenant, term or condition of Mortgagor herein.  All amounts expended by Mortgagee hereunder shall be secured hereby and shall be due and payable by Mortgagor to Mortgagee forthwith on demand.

**SIXTH: Event of Default and Remedies.**  Any of the following shall constitute an Event of Default hereunder: (i) Dean Groulx fails to repay the Commission to the Mortgagee upon demand, as directed by the Bankruptcy Court, or (ii) Mortgagor shall be adjudicated a bankrupt or file a petition for bankruptcy, reorganization or arrangement under the Federal bankruptcy laws or have such a petition filed against it and such laws do not prohibit the declaration of a default in this Mortgage, or (iii) Mortgagor shall suffer or permit other default under this Mortgage.  Upon the occurrence of an Event of Default, Mortgagee shall be entitled to demand immediate in full of the Commission and to enforce and exercise any and all of its rights and remedies under this Mortgage and as provided under law or in equity.

**SEVENTH: Power of Sale.**  Upon an Event of Default, power is granted to Mortgagee to sell the Premises or any part thereof at public auction and to convey same to the purchaser after notice as required by the statutes of the State of Michigan for foreclosure of mortgages by advertisement being Sections 600.3201 et seq., Michigan Compiled Laws, as amended.

**EIGHTH: Distribution Upon Sale.**  Upon a foreclosure sale of the Premises or any part thereof, the proceeds of such sale shall, subject to applicable law, be applied in such order as Mortgagee elects:

  (a)    To the payment of all costs of the suit or foreclosure, including reasonable attorneys' fees and the cost of title searches, abstracts and surveys;

  (b)    To the payment of all other expenses of Mortgagee, including all monies expended by Mortgagee and all other amounts payable by Mortgagor to Mortgagee hereunder;

  (c)    To the payment of the Commission;

2

(d)     To the payment of the surplus, if any, to Mortgagor or to whomsoever shall be entitled thereto.

**NINETH:** <u>Notices.</u> Any and all notices, demands and requests permitted or required to be given hereunder shall be in writing and shall be given to the parties at the addresses set forth above either by certified mail, return receipt requested, or by courier.

**TENTH:** <u>Release of Mortgage.</u> Upon approval of the payment of the Commission or upon discharge of the Mortgagee from the Bankruptcy Court, Mortgagee shall immediately release this Mortgage, including preparing and filing a release of mortgage with the register of deeds

MORTGAGOR

Dean J. Groulx

Wendy A. Grimaldi-Groulx

STATE OF MICHIGAN          )
                           ) SS
COUNTY OF OAKLAND          )

The foregoing instrument was acknowledged before me on this 6th day of May, 2019, by Dean J. Groulx and Wendy A. Grimaldi-Groulx, who personally appeared before me and set their hand to this instrument.

_____, Notary Public
_____, County, Michigan
Acting in _____, County, Michigan
My Commission Expires: 10-21-26

Drafted By:                         When recorded, send to:
Dean J. Groulx, Esq.                Eastlake Investments, LLC
100 W. Long Lake Road, Suite 102    1109 Decker Road
Bloomfield Hills, MI 48304          Walled Lake, MI 48390

KELLY MAUREEN CARLSON
Notary Public - State of Michigan
County of Oakland
My Commission Expires Oct 21, 2025
Acting in the County of Oakland

3