# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN THE MATTER OF:

Eastlake Investments, LLC,

Debtor.

Case No. 19-42309
Judge Thomas J. Tucker
Chapter 7

## ORDER (1) AUTHORIZING COMPROMISE AND APPROVING SETTLEMENT AGREEMENT; (2) AUTHORIZING DISTRIBUTIONS; AND (3) GRANTING RELATED RELIEF

This case is before the Court on the Motion for Entry of Order (1) Authorizing Compromise and Approving Settlement Agreement; (2) Authorizing Distributions; and (3) Granting Related Relief (Docket # 456, the "Motion"), filed by the Chapter 7 Trustee, Fred J. Dery (the "Trustee"). The Motion and related notice to creditors were served under, *inter alia*, E.D. Mich. LBR 9014-1 and Rule 2002(a)(7) of the Federal Rules of Bankruptcy Procedure, on all parties on the matrix of creditors and the U.S. Trustee. No objections to the Motion were timely filed. The Court finds the relief requested is in the best interest of the bankruptcy estate, creditors and other parties in interest. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b)(1) and 1334. This proceeding is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(H). Venue of this proceeding and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. This Court is otherwise duly advised in the premises.

IT IS ORDERED as follows:

1. The Motion is granted. Capitalized terms as used herein will have the same meanings asscribed to them in the Motion, unless otherwise provided herein.

**Approval of the Settlement Agreement**

2. The Settlement Agreement is reasonable, in the best interest of the bankruptcy estate and the Debtor's creditors, and therefore approved and given full force and effect under its terms. The failure specifically to include any particular provision of the Settlement Agreement in this Order does not impair the effectiveness of such provisions, it being the intent of this Court to approve the Settlement Agreement in its entirety.

3. The Trustee is authorized to execute such documents and agreements and perform such acts on behalf of the bankruptcy estate as may be necessary and appropriate to implement, effectuate, and consummate the provisions and intent of this Order and the Settlement Agreement.

4. In the event of a conflict between this Order and the Settlement Agreement, this Order will control.

**Approval of Distributions by Trustee**

5. Upon this Order becoming a final and non-appealable order, the Trustee is authorized to make the following distributions:

    a. The Trustee is authorized to pay $4,200.00 to Scott Wolfson, mediator.

b. The Trustee is authorized to make final distributions to creditors under, *inter alia*, 11 U.S.C. § 726(a)(5) as follows:

| Claim No. | Creditor Name | Distribution |
|---|---|---|
| **1-1** | Schafer and Weiner, LLC | $186.26 |
| **3-1** | Citizens Bank, N.A. | $8,959.93 |
| **8-1** | First State Bank | $101.52 |

c. The Trustee is authorized to pay Chapter 7 Trustee, Stuart A. Gold, $17,030.50 (Claim No. 12-1) in full satisfaction of the Border Claim. The payment will be made payable to "Chapter 7 Trustee, Stuart A. Gold" and delivered in care of his counsel, Elias T. Majoros, Gold Lange & Majoros, PC, 24901 Northwestern Hwy; Suite 444, Southfield, Michigan 48075.

d. The Trustee is authorized to pay Danou $200,000.00. Such payment will be made payable to "Gold Lange and Majoros PC IOLTA Account" and delivered in care of his counsel, John Lange, Gold Lange & Majoros, PC, 24901 Northwestern Hwy; Suite 444, Southfield, Michigan 48075.

e. The Trustee is authorized to pay Semma $400,000.00. Such payment will be made payable to "Frank & Frank, PLLC IOLTA Account" and delivered in care of his counsel, Jerry Frank, Frank & Frank, PLLC, 30833 Northwestern Hwy., Suite 205, Farmington Hills, MI 48334.

6. After receipt of the foregoing amounts, no unsecured creditors will be entitled to further distribution from the Bankruptcy Estate.

7. The distributions provided herein are without prejudice to the rights of all administrative claimants, including compensation for the Chapter 7 Trustee. All final applications for compensation by administrative claimants must be filed within fourteen (14) days of this Order becoming a final and non-appealable order.

8. After the payment of all administrative expenses and all other payments provided herein, Semma must be paid the remaining funds on hand at the time that the Trustee's final report is approved.

**Other Related Relief**

9. Notwithstanding anything in the Bankruptcy Rules to the contrary, this Order will be immediately effective and enforceable upon its entry, and any appeal rights under Bankruptcy Rule 8002 are hereby waived.

10. This Court will retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Signed on August 24, 2020**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge